**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ISRAEL ROSELL and ROBERTO
GONZALEZ, for themselves and on
behalf of those similarly situated,

              Plaintiffs,

vs.

VMSB, LLC, d/b/a GIANNI'S and d/b/a
CASA CASUARINA, a Florida Limited
Liability Company

              Defendant.

_____/

Case No.:   1:20-cv-20857-KMW

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS'**
**<u>MOTION FOR NOTICE AND CONDITIONAL CERTIFICATION</u>**

## I.   __INTRODUCTION__

As a threshold matter, Defendant offers no evidence or argument in its opposition to dispute that it has policies and practices of: (1) failing to provide notice of the tip credit (which, alone, would be a sufficient basis upon which to grant conditional certification); (2) failing to pay overtime for hours over forty in a workweek; and (3) sharing with managers monies that may be properly characterized as a tip pool.  While Defendant sets forth facts in support of its defenses regarding the treatment and classification of these employees and their wages, it appears to acknowledge that these are merits issues not appropriately addressed until Stage II of the proceedings, as it makes no argument that the proposed collective is not similarly situated, or that Plaintiffs have not met their burden in that regard.  As such, upon a showing of interest, Plaintiffs' allegations and evidence of the uniform application of an unlawful policy merits notice to the collective.

Left without the ability to make any substantive challenge to the Motion for Notice and Conditional Certification (the "Motion"), Defendant argues, necessarily but incorrectly, that Plaintiffs have not shown sufficient interest to merit certification.   While Plaintiffs maintain that the evidence already submitted was sufficient, the addition of two new opt-ins to this nascent action since the Motion allows for no contrary argument.  Plaintiffs meet their burden to show interest.

Likely reading the 'writing on the wall' that notice is proper and likely to issue in this action, Defendant focuses much of its substantive argument on objections to the form of the consent and notice.  However, as set forth below, the proposed changes would only serve to undermine the broad remedial purpose of the FLSA's notice provisions, and should be rejected.

Plaintiffs' Complaint, Motion, Declarations, and subsequently filed consents to join exceed their burden to show a similarly situated collective of individuals who are interested in pursuing an action against Defendant for their unpaid minimum and overtime wages. Plaintiffs respectfully submit that their proposed notice should therefore issue to the putative collective.

1

II.     **ARGUMENT**

     A.   **Plaintiffs Have Established Sufficient Interest.**

Defendant's assertion that Plaintiffs failed to demonstrate the existence of others' interest in pursuing their FLSA rights contradicts the well-settled precedent of this District, does not engage any of Plaintiffs' significant authority to the contrary. *See, e.g., Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012) ("Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'"). Thus, even the declaration and consent to join of Allan Chow would have been sufficient to show interest, as he was a server for Defendant who averred that all servers were subject to the same policies and practices which deprived them of tip credit notice and overtime, and which required that they pool tips which were distributed to management. *See* Chow Declaration, D.E. 17-5, *generally*. Defendant's claim that Plaintiffs did not show that Mr. Chow was a similarly situated server is without merit, as not only does his declaration leave little doubt as to his job title, Plaintiffs submitted additional business records from Defendant which explicitly categorize Mr. Chow as a "server." D.E. 17-7 at ECF p. 6.[1]

Of course, since the motion was filed, two additional putative collective members have joined the action. *See* D.E. 32-1, Consent to Join of Katelyn Turnbaugh; and D.E. 33-1, Consent to Join of Eduardo Martin Sanchez. Thus, despite the action having been filed only three months ago, there are already five similarly situated individuals who have consented to join.

Defendant fails to address the avalanche of authority regarding the sufficiency of Plaintiffs' evidence as cited in their opening brief, including several decisions from this District, relying instead on mostly extra-jurisdictional decisions. These decisions range from the

---

[1] The consent to joint of Israel Rosell was inadvertently attached to the notice of filing consent to join of Allan Chow. However, Plaintiffs have since re-filed Mr. Chow's consent to join, dated February 7, 2020, and it is clear that he desired to, and did, join this action. D.E. 34-1. Defendant does not deny that Mr. Chow was a server.

distinguishable to the wholly inapposite.  For example, in *Barten v. KTK & Assocs., Inc.*, No. 8:06-CV-1574T27EAJ, 2007 WL 2176203 (M.D. Fla. July 26, 2007), the case Defendant discusses in the greatest detail, the court found the showing of interest insufficient where two named plaintiffs had claims solely outside of the statute of limitations, and in the eleven months the case was pending, only one additional server opted in.  *Id.* at *3.   Here, even if this District required more than one opt-in at this stage, which it does not, Plaintiffs have produced three in three months.  Plaintiffs' averments that others desire to join is not speculative. [2]  D.E. 32-34.

Nor is *Barten* the only case cited which fails to square with the facts here.  *See, e.g., Horne v. United Servs. Auto. Ass'n,* 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003) (denying certification where plaintiff had **no** consents to join or affidavits other than his own, and distinguishing the same court's prior decision in *White v. Osmose,* 204 F.Supp.2d 1309 (M.D. Ala. 2002), which **granted** certification where before the court were "three additional persons who were aggrieved in the same manner as the named plaintiff."); *White v. Kcpar, Inc.*, No. 605CV1317ORL22DAB, 2006 WL 1722348, at *4 (M.D. Fla. June 20, 2006) (two opt-ins over nine months insufficient); *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *4 (M.D. Fla. Mar. 23, 2006) (unlike here, where five individuals have already opted-in to an action against a single-location restaurant, the court noted that "in the year since this

---

[2] In addition, courts routinely rely on exactly the type of language in the declarations here to show additional interest. *See, e.g., Scheall v. NICAEA Acad., Inc.*, No. 2:14-cv-653-FtM-29DNF, 2015 U.S. Dist. LEXIS 84805, at *4-6 (M.D. Fla. June 30, 2015) (plaintiff "provided a reasonable basis for her assertion that there are additional similarly situated individuals who wish to opt-in" where two total opt-ins in addition to the named plaintiff, affidavits from the named plaintiff and one opt-in, and two declarations averring that the declarants "know that 'if other hourly employees of the defendants get notice of this lawsuit, they will want to join as well.'"); *Campbell v. Pincher's Beach Bar Grill Inc.,* No. 215CV695FTM99MRM, 2016 WL 3626219, at *5 (M.D. Fla. July 7, 2016) (granting certification where declarations of Plaintiff and opt-ins "state that each individual 'believes' that if other servers received notice of this action, they would want to join to recover wages owed to them).

lawsuit was filed, Plaintiff has only been able to identify those two individuals. The significance of this number is drastically minimized when compared to the 250,000 hourly employees who worked for Defendant in the last three years at 5,375 stores in 36 states.").

Moreover, the two cases Defendant cites from within this District are entirely inapposite. In *Santielices v. Cable Wiring, Inc.*, No. 98-7489CIV, 1999 WL 1007807, at \*1 (S.D. Fla. Sept. 28, 1999), *adhered to sub nom. Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313 (S.D. Fla. 2001), the plaintiff "concede[d] that he has provided no evidence that others, similarly situated, desire to opt-in."  No such concession is, or could be, at issue here.  Equally unhelpful to the analysis of the case at bar is *Smith v. Tradesmen Int'l, Inc.,* 289 F. Supp. 2d 1369 (S.D. Fla. 2003), in which Judge King did not find three opt-ins to be insufficient, *per se*, but rather found that same was not sufficient where the evidence consisted of identical affidavits of three employees "with different job titles, different job responsibilities, and who work in different geographic locations than Plaintiff."  *Id*. at 1372.  In fact, the facts of this case are far more on par with those of *McKenzie v. Lindstrom Air Conditioning, Inc.*, No. 08-CV-61378, 2009 WL 10668590 (S.D. Fla. Jan. 27, 2009), in which Judge Gold distinguished *Smith*, and granted certification on the basis of three affidavits where, as here, the affiants "held the same job title, worked in the same department, had similar duties, and worked in the same location." *Id.* at \*3.

Simply put, Defendant completely fails to engage the weight of authority from within this District finding similar or lesser evidence to be sufficient to demonstrate 'interest' at Stage I for purposes of conditional certification, and even the extra-jurisdictional cases cited involve fewer opt-ins over a longer period of time, often relating to much larger collectives and multi-state entities.[3]  If some courts have certification where there was no question that the collective was

---

[3] Defendant's argument also ignores the broad remedial purposes and interpretation of the FLSA. *Antenor v. D & S Farms*, 88 F.3d 925, 933 (11th Cir. 1996) (recognizing that the FLSA is a remedial statute which must be construed broadly); *A.H. Phillips, Inc. v. Walling,* 324 U.S. 490,

similarly situated, and one or more individuals had opted-in and submitted affidavits, Plaintiffs respectfully submit that any such decisions reflect the clear minority position, and lack the analysis and reasoning applied in the great weight of authority to the contrary.  In addition, as a practical matter, accepting Defendant's position would eviscerate *Bennett's* holding that a single opt-in can be sufficient to show interest; as, per Defendant's argument, one could never be enough.  Here, with two named Plaintiffs and three opt-ins, Plaintiffs have met their burden to show interest, and their motion should be granted.

    **B.**    **Plaintiffs' Proposed Notice Is Accurate, Consistent With the Broad Remedial Purpose of the FLSA, And Should Be Approved Without Modification.**

Defendant appears to recognize that Notice is due to issue, and spends significant time on objections to the form of the Notice.  While the Court has broad discretion in determining the form of the Notice, numerous courts have held that class counsel is entitled to control the content of the notice unless the defendant can show that alteration is necessary.  "The Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary." *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1140 (N.D. Ill. 2017) (citing *Heitmann v. City of Chicago*, 04 C 3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004)); *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1127 (D.N.M. 2017) (same); *McCaffrey v. Mortg. Sources, Corp.,* No. CIV.A. 08-2660-KHV, 2009 WL 2778085, at *5 (D. Kan. Aug. 27, 2009) (same).  Here, the

---

493 (1945) (recognizing that FLSA must be interpreted broadly to effectuate its "humanitarian and remedial" purpose).  The collective action mechanism is designed to permit a plaintiff to request that the Court authorize notice be given to other potential class members for the purpose of facilitating the opt-in process and ensuring that important rights are not eroded. *See Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1095-97 (11th Cir. 1996).  Defendant's approach subverts the FLSA's remedial purpose by essentially precluding notice to any group that has not already received enough notice for more than one person already to have joined.

changes Defendant requests are neither necessary nor appropriate, do not further the purpose of the
FLSA's collective mechanism, and should be rejected.

Defendant takes issue with Plaintiffs' proposed notice for the following reasons: (1) It does
not contain defense counsel's contact information; (2) It does not address the situation, essentially
impossible here, in which an opt-in might be liable for fees; (3) Plaintiffs seek a reminder notice and
posting; (4) the consent form elects Plaintiffs' counsel and permits re-use if the action is decertified;
and (5) the cost language refers to "Defendant's" costs, rather than "GIANNI's" costs.  Plaintiffs
agree to substitute the word "GIANNI's" for "Defendant's" where requested.  The remainder of the
requested limitations and changes are not warranted, and frustrate important objectives such as
increasing efficiency and avoiding confusion.  Plaintiffs address each in turn.

### a.  <u>Inclusion of Defense Counsel's Contact Information is not Proper</u>.

While some courts have allowed inclusion of defense counsel's information, the better
reasoned opinions, including in this District, correctly deny same, recognizing the potential to
create confusion and conflicts of interest.  *See Anish v. Nat'l Sec. Corp.,* No. 10-80330-CIV,
2012 WL 3818283, at *3 (S.D. Fla. Sept. 4, 2012) (rejecting similar request, holding "to the
contrary, for reasons further developed in the next section, the Court believes that potential class
members *should* contact Plaintiff's counsel with any questions regarding the matter. Accordingly,
the Court concludes that the form of notice should *not* include defense counsel's contact
information."); *Wass v. NPC Int'l, Inc.,* No. 09–2254, 2011 WL 1118774, at *11 (D. Kan. Mar.
28, 2011) (denying same request, recognizing that inclusion of contact information, where such
counsel has no part in distributing or collecting consent forms, could confuse notice recipients);
*Perry v. Nat'l City Mortg., Inc.,* No. 05-CV-891 DRH, 2007 WL 1810472, at *4 (S.D. Ill. June
21, 2007) ("Plaintiff objects to allowing putative class members the option of contacting
defendants counsel . . . because of an obvious and inherent conflict of interest. The Court agrees

with Plaintiff's rationale. It would not make sense for a potential putative class member to seek information from Defendant's counsel"). Defendant's request likewise should be denied.

### b.   It Is Not Proper In This Case to Include Language Regarding Attorneys' Fees.

As Defendant acknowledges, because the FLSA does not provide for fees to a prevailing defendant, Defendant can only recover fees only in exceptional circumstances, where the claim is in bad faith.[4] D.E. 30 at ECF p. 9. Respectfully, no such finding is possible in this case, in which Defendant admittedly did not pay overtime compensation to its workers, Plaintiffs have submitted an affidavit from a manager employed by Defendant stating that the amounts paid into the tip pool made up his entire salary, and that the amount Defendant is calling a "service charge" was not mandatory and could be (and was) adjusted by customer request,[5] such that, as a matter of law, it could not function as a commission qualifying Plaintiffs or any putative collective member as exempt under the FLSA. *See Soliman v. SOBE Miami, LLC*, 312 F. Supp. 3d 1344, 1351 (S.D. Fla. 2018) ("the Court finds that for a service charge to qualify as a 'commission' for purposes of Section 207(i), the customer must be required to pay it.  If payment of a service charge is within the customer's discretion, it is not a 'commission,' it is a 'gratuity' or 'tip.'") (internal citations omitted).

Whatever the outcome of this action, it is clear that it is not frivolous or meritless, and thus including language regarding costs would serve only to chill participation, with no corresponding benefit in providing accurate information. In fact, many courts, including in a recent decision from the Middle District, recognize that FLSA notice need not include a threat of paying fees in order to

---

[4] For this reason, it is not surprising that very few courts authorize inclusion of fee "warnings." Similarly, many courts have rejected requests even for cost warning language, because same is likely to chill participation.  *See Littlefield v. Dealer Warranty Services, LLC,* 2010 WL 173796, at *3-4 (E.D. Mo. Jan. 15, 2010)("Because this notice might discourage Plaintiffs from joining the litigation, the request is denied.").  Plaintiffs included cost language in the proposed notice because, if Defendant prevails, it could, theoretically, seek prorated costs from opt-ins (an eventuality we have yet to see actualized in any case).  Not so with fees in this case.

[5] *See* D.E. 17-6, Declaration of Alexis Reyes, at ¶6.

be accurate. *Aiyekusibe v. Hertz Corp.*, No. 218CV816FTM38MRM, 2020 WL 814000, at *1–2 (M.D. Fla. Feb. 19, 2020) (collecting cases that required disclosure regarding costs, but not fees, holding that "[p]laintiffs' argument on attorney's fees, however, is well taken. Attorney's fees for a prevailing defendant are only granted in 'exceptional circumstances.'  Given this and the parties' agreement on the current proposed notice, the Court finds it unnecessary to include a warning on attorney's fees.") (internal citation omitted); *Anish v. Nat'l Sec. Corp.*, 2012 WL 3818283, at *4 (approving  notice language stating "… ***if the claims of class members are found to be without merit, the court costs and other expenses of NSC may be assessed against the class, with such assessment distributed equitably among class members.***" Noting that the text need not be emphasized in the actual form of notice); *Alexander v. CYDCOR, Inc.*, No. 1:11–CV–01578–SCJ, 2012 WL 1142449, at *8 (N.D. Ga. April 6, 2012)(noting that "Defendant's preferred warnings about the burdens of litigation are by no means a legal requirement" and rejecting, *inter alia* cost "warning" language).

### c.  <u>A Reminder Notice Is Appropriate, As Is Posting at the Restaurant.</u>

While Defendant cites cases where courts have denied a request for a reminder and notice posting, their opposition is devoid of any reason why the Court should reject Plaintiffs' application for same here.  *See* D.E. 30 at ECF P. 11-12.  Moreover, because the reminder postcard and posting is in line with the goal of notice—to ensure that all putative class members receive accurate notice of their right to join the case—the Court should permit same as other courts, including in this District, have done. *See, e.g. Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 481–82 (S.D. Fla. 2018) ("Courts regularly require defendant "to post the Notice and Consent in its break/lunch room" or another place where employees regularly gather) (citing *Dean v. W. Aviation, LLC,* No. 17-cv-62282, 2018 WL 1083497, at *6 (S.D. Fla. Feb. 28, 2018)); *Maar v. Beall's, Inc.,* No. 16-CV-14121, 2016 WL 10587201, at *6 (S.D. Fla. Nov. 23,

2016) ("The proposed methods of distribution (U.S. mail, e-mail, workplace posting, and reminder notices mid-way through the opt-in period) are fair and reasonable."); *Martinez v. DHL Express (USA) Inc.,* No. 15-22505-CIV, 2016 WL 455394, at *9 (S.D. Fla. Feb. 5, 2016) (approving posting of notice and reminder notice); *Collado v. J. & G. Transp., Inc.*, No. 14-80467-CIV, 2014 WL 5390569, at *6 (S.D. Fla. Oct. 23, 2014) (granting request to mail, email and post notice, noting that "[t]his request is consistent with how courts have handled other, similar situations").

Defendant does not want to post notice and does not want a reminder post card not because of any associated burden or impropriety, but rather because it does not want too many people opting in to the action.  This is the opposite of the FLSA's purpose, and the request should be denied.

### d.  <u>No Amendment to The Consent Form Is Necessary or Appropriate.</u>

Defendant's invitation to remove counsel's information and authorization to re-use from the consent form should be rejected, consistent with the majority of authority on this issue.[6] Courts routinely approve consent forms in substantially the same form as that attached to Plaintiffs' Motion, while also approving Notice forms which advise the putative members that they may select their own counsel.[7]  *See, e.g. Cooper v. E. Coast Assemblers, Inc.*, No. 12-80995-CIV, 2013 WL 308880, at *4 (S.D. Fla. Jan. 25, 2013) (rejecting defendant's invitation to change consent form to specifically elect plaintiff's counsel, rather than having plaintiff's counsel's information already included, and approving a consent to join nearly identical to that at issue here); *Clincy v. Galardi S. Enterprises, Inc.*, No. 1:09-CV-2082-RWS, 2010 WL 966639,

---

[6] Undersigned counsel reviewed the briefing in the single case from this District cited in support of this argument, and notes that the plaintiff did not address this issue in reply.

[7] In fact, many of the cases cited in the opening brief approved consent forms nearly identical to those at issue here.  *See, e.g. Webb et al. v. RMS Properties,* No. 0:18-cv-60177-WPD, at D.E. 52 (S.D. Fla. Feb. 12, 2019); *Benjamin v. Right Path Behavioral Health Servs., LLC*, No. 3:17-CV-457-J-39MCR, 2018 WL 922350, at *3 (M.D. Fla. Feb. 7, 2018).

at *7 (N.D. Ga. Mar. 12, 2010) (approving consent form which designated the named plaintiff's counsel to represent opt-in, and for form to be re-used in subsequent action); *Burkeen v. New Madrid Cty. Ambulance Dist.,* No. 1:12-CV-154 SNLJ, 2013 WL 880079, at *3 (E.D. Mo. Mar. 8, 2013) ("if a putative class member intends to join this existing lawsuit and signs the consent, then he or she agrees to become part of the class and be represented by class counsel. Otherwise, the individual can choose to pursue a separate action against defendant or simply not participate at all"); *see also Belcher v. Shoney's Inc.,* 927 F.Supp. 249, 254 (M.D. Tenn. 1996) (approving notice which designated plaintiff's counsel as class counsel).  Indeed, as at least one court has noted:

> Suggesting that a Plaintiff may opt-in and bring her own lawyer along would lead to confusion, inefficiency, and cumbersome proceedings.  If a class member wishes to have her own lawyer, she need not opt-in: she can hire her own lawyer and proceed with her own action. Having a class action with numerous counsel for Plaintiffs who by opting-in as class member, would make the law suit unwieldy, if not impractical. Thus, the Court will not require that the Notice include an option for potential Plaintiffs to choose their own counsel.

*Adams v. Inter-Con Security Systems, Inc*., 242 F.R.D. 530, 541 (N.D. Cal. 2007).  While Plaintiffs agree to language in the notice regarding the right to seek different counsel, class members should also know that if they do not, and they join, then they will be represented by named Plaintiffs who filed the action on their behalf, as well as the counsel those Plaintiffs have chosen and who have sought to be named as counsel for the collective in the Motion for Notice and Certification.  If they simply return the consent, it should be clear to them that they are electing Plaintiffs' counsel, and the consent form accurately informs them as to same.

## III.   CONCLUSION

Plaintiffs meet their burden to show a similarly situated collective, as well as interest in this matter, and request reasonable dissemination of an accurate and informative Notice. As such, Plaintiffs respectfully submit that the Court should grant their Motion in its entirety.

Respectfully submitted this 9th day of June, 2020.

 /s/ANGELI MURTHY
ANGELI MURTHY, ESQ., B.C.S.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-Mail: **Amurthy@forthepeople.com**
*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will send a notice of such filing to all counsel of record.

**/s/ ANGELI MURTHY**
ANGELI MURTHY, ESQ.