# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ISRAEL ROSELL and ROBERTO GONZALEZ, for themselves and on behalf of those similarly situated,

        Plaintiffs,

vs.

VMSB, LLC, d/b/a GIANNI'S and d/b/a CASA CASUARINA, a Florida Limited Liability Company

        Defendant.
_____/

CASE NO.:   1:20- cv -20857-KMW

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ISRAEL ROSELL ("ROSELL") and ROBERTO GONZALEZ ("GONZALEZ") (collectively "Plaintiffs"), for themselves and on behalf of those similarly situated, through undersigned counsel, file this Amended Complaint against Defendant, VMSB, LLC, d/b/a GIANNI'S and d/b/a CASA CASUARINA, ("Defendant") and state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as this is a claim for unpaid wages under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA"), the Florida Constitution, and the Florida Minimum Wage Act ("FMWA") to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiffs' FMWA claim pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' FMWA claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as the FLSA claim.

4. Venue is proper in this Court because Plaintiffs reside within the District, Defendant maintains business operations within the District, and Plaintiffs' claims accrued in this District.

## INTRODUCTION

5. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. §206, and 29 U.S.C. §207.

6. The Defendant in this case violated the FLSA by failing to pay Plaintiffs and other similarly situated bartenders/servers the proper minimum wage and overtime compensation for all hours worked.

7. This action is intended to include each and every hourly-paid bartender/server who worked for Defendant at any time within the past three (3) years.

8. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

9. At all times material to this action, Plaintiffs were, and continue to be, residents of Miami Dade County, Florida.

10. At all times material to this action, Defendant was, and continues to be, a Florida Limited Liability Company. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business in Miami Dade County, Florida.

11. At all times material to this action, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA and the FMWA.

12. At all times material to this action, Plaintiffs were "employees" of Defendant within the meaning of the FLSA, and the FMWA.

13. At all times material to this action, Defendant was Plaintiffs' "employer" within the meaning of the FLSA and the FMWA.

14. Defendant was, and continues to be, an "employer" within the meaning of the FLSA and the FMWA.

15. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA and the FMWA.

16. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, cups, liquor, knives, chairs, and tables, which were used directly in furtherance of Defendant's commercial activity of running a restaurant.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

19. On or about February 23, 2016, Defendant hired ROSELL to work as a non-exempt server/bartender for Defendant's company, a restaurant, at its location in

3

Miami Beach, Miami Dade County, Florida.  ROSELL was employed by Defendant in this position until September 12, 2018.

20. On or about early 2017, Defendant hired GONZALEZ to work as a non-exempt server for Defendant's company, a restaurant, at its location in Miami Beach, Miami Dade County, Florida.  GONZALEZ was employed by Defendant in this position until October 2, 2019.

21. Plaintiffs' job duties included, but were not limited to, serving food and drinks to customers.

22. Defendant paid Plaintiffs the tipped minimum wage rather than the regular minimum wage for all hours worked.

23. Furthermore Plaintiffs were paid pursuant to the FLSA and FMWA "tip credit" method per hour in exchange for work performed.

24. Defendant did not permit Plaintiffs to retain all of their tips.  Instead, Defendant required Plaintiffs to contribute tips to a "tip share" or "tip pool."

25. Defendant failed to pay such retained tips to employees eligible to receive such tips.

26. To the extent such tips were redistributed to other employees, some of these tips were distributed to non-tipped employees, including managers who were ineligible to receive same, or otherwise re-directed to the restaurant itself.

27. By virtue of Defendant's retention of a portion of its bartender/server employees' tips, and re-distribution of other portions to management, Defendant was not entitled to take a tip credit.  Rather, Defendant was/is required to pay Plaintiffs and those similarly situated to Plaintiffs the full, regular minimum wage.

28. Under the FLSA, an employer who fails to provide information required by section 203(m), regarding the tip-credit and use of tip pools, cannot use the tip credit provisions and therefore must pay the tipped employee at least the minimum wage, and allow the tipped employee to keep all tips received.

29. Defendant did not provide its bartenders/servers the notice required by Section 203(m) of the FLSA, also required by the FMWA.

30. Due to its improper retention/distribution of bartenders/servers' tips, and failure to provide the notice required by Section 203(m), Defendant failed to pay Plaintiffs and the other tipped employees similarly situated to Plaintiffs at least the applicable minimum wage.

31. Defendant purported to pay Plaintiffs the tipped minimum wage, despite the fact that Defendant was not entitled to do so.

32. Plaintiffs and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

33. Plaintiffs and those similarly situated were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

34. Plaintiffs and those similarly situated were/are entitled to the Florida minimum wage pursuant to §29 C.F.R §778.5, and the FMWA.

35. Defendant has a common pay policy and/or pay practice which violates the FLSA and FMWA tip credit provisions and therefore fails to pay certain hourly employees at least the statutory minimum wage for all hours worked per week as a result of:

   a. Failing to provide the notice required by Section 203(m); and

      b.    Requiring its bartenders/servers to share tips with the business and with employees not part of a valid tip pool.

36.    Because Defendant's taking of the tip credit without proper notice, and tip-pooling practice and policy was unlawful, Defendant is not permitted to claim the tip credit, and must re-pay Plaintiffs, and those similarly situated opt-in Plaintiffs who join this action by filing consent to join, the tip credit taken plus disgorgement of the tips placed into the unlawful tip pool.

37.    In various workweeks in the three years preceding the filing of the Complaint in this matter, Plaintiffs and other bartenders and servers worked for Defendant in excess of forty (40) hours within a workweek.

38.    Defendant did not compensate Plaintiffs or other bartenders and servers at time and a half the minimum allowable rate of hourly pay for their overtime hours.

39.    Due to the policies and practices described above, during the three years preceding the filing of the Complaint in this matter, Defendant failed to compensate Plaintiffs and those similarly situated to Plaintiffs at a rate of one and one-half Plaintiffs' regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

40.    Plaintiffs and those similarly situated to Plaintiffs who worked for Defendant in the three years prior to the commencement of this lawsuit should be compensated at the rate of one and one-half their regular rate of pay for those hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

41.    Defendant has violated Title 29 U.S.C. §206 and the FMWA during the three years preceding the filing of the Complaint in this matter, in that:

      a.    Defendant has failed to pay Plaintiffs and those similarly situated

6

  proper minimum wage for all of their hours worked for Defendant as required by the FLSA and FMWA;

b. Plaintiffs and one or more of those similarly situated to Plaintiffs were required to unlawfully pool their tips with non-tipped employees, while Defendant nonetheless took a "tip credit" deduction from Plaintiffs' and other bartenders/servers minimum wage;

c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiffs and those similarly situated to Plaintiffs at a rate equal to the minimum wage, for all hours worked, because Defendant's illegal tip-pool made them ineligible to claim the tip-credit taken;

d. Defendant failed to provide Plaintiffs and those similarly situated with the statutorily required notice under 29 U.S.C. §203(m).

42. Defendant has violated Title 29 U.S.C. §207 during the three years preceding the filing of the Complaint in this matter, in that:

a. Plaintiffs and one or more of those similarly situated to Plaintiffs worked in excess of forty (40) hours per workweek during their employment with Defendant; and

b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiffs and those similarly situated to Plaintiffs at the statutory rate of one and one-half their regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

43. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiffs and those similarly situated, as Defendant knew or with reasonable diligence should have known that Plaintiffs and other bartenders/servers should be paid for all of their overtime hours at an overtime rate that Defendant was not eligible to claim a tip credit; and that inclusion of managers and the business itself in the pool of individuals receiving money from the tip pool rendered the tip pool unlawful.

44. Upon information and belief, Defendant did not rely upon the advice of counsel in creating the pay structures of Plaintiffs and those similarly situated.

45. Defendant failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA or the FMWA.

46. The additional persons who may join this action are those similarly situated to Plaintiffs, who were also not paid appropriate minimum and overtime wages due to Defendant's policies and practices described above.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

47. Plaintiffs and the putative collective members were all "Bartenders" or "Servers" in Defendant's restaurant, and performed the same or similar job duties as one another in that they provided food and beverage services to Defendant's patrons.

48. Plaintiffs and the putative collective members were subjected to the same pay provisions in that they were all paid pursuant to the "tip credit" provisions of the FLSA and were not compensated at least the proper minimum wage and overtime for all hours worked as a result of Defendant's common policies and practices, including but not limited to the following:

     a.    Plaintiffs and other bartenders and servers were required to participate in a mandatory tip pool which was unlawfully shared with management and diverted to the business itself;

     b.    Plaintiffs and other bartenders and servers were not provided with proper notice of Defendant's intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m); and

     c.    Plaintiffs and other bartenders and servers were not paid proper overtime premiums for their overtime hours.

49. Defendant's uniform method of payment to Plaintiffs and the putative collective members resulted in a violation of the FLSA tip credit provisions and a failure to pay Plaintiffs and the putative collective members the required minimum and overtime wages due.

50. These policies and practices were applicable to Plaintiffs and the putative collective members.

51. Accordingly, the putative collective members are properly defined as:

**All "Bartenders and Servers" who worked for Defendant at Gianni's (The Villa Casa Casuarina at the Former Versace Mansion location), 1116 Ocean Dr., Miami Beach, FL 33139, at any time from February 26 2017, to the present and who (1) were not provided notice of the employer's intention to take a tip credit to satisfy minimum wage obligations; (2) were required to participate in a mandatory tip pool in which tips were shared with management employees; and/or (3) were not paid proper overtime premiums for overtime hours worked.**

52. Similarly, the proposed class is properly defined as:

**All "Bartenders and Servers" who worked for Defendant at Gianni's (The Villa Casa Casuarina at the Former Versace Mansion location), 1116 Ocean Dr., Miami Beach, FL 33139, at any time from February 26 2015, to the present and who (1) were not provided notice of the employer's intention to take a tip credit to satisfy minimum wage obligations; and/or (2) were required to participate in a mandatory tip pool in which tips were shared with management employees.**

53. Defendant knowingly, willfully, or with reckless disregard carried out its

illegal pattern or practice of failing to pay minimum and/or overtime wages with respect to Plaintiffs and the putative collective members.

54. Within the applicable statute of limitations, over 100 individuals were subject to the patterns, practices, and policies described herein, which violate the FLSA and the FMWA.

55. Within the applicable statute of limitations, over 100 other individuals who worked with Plaintiffs or in a similar position as Plaintiffs were paid in the same manner, performed similar work as described above, and were not properly compensated for all hours worked as required by state and federal wage laws.

56. Defendant has employed over 100 persons as servers or bartenders within the four years preceding the date of this Complaint.

57. Defendant has paid over 100 persons employed as servers or bartenders the tipped minimum wage as a form of direct compensation for their hours worked in the four years preceding the date of this Complaint.

58. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA and FMWA are the product of generally applicable, systematic policies, and practices which are not dependent on the circumstances of each individual employee.

59. Because they were subject to common policies and practices while performing similar work, Plaintiffs' experiences, and the violations to which they were subject are typical of those experienced by others in the proposed class.

60. The specific job titles of those in the proposed class do not prevent class or collective treatment, because they performed similar work and were subject to the same unlawful practices and policies.

61. Plaintiffs have no interests contrary to, or in conflict with, the proposed class they seek to represent. Rather, Plaintiffs have an interest in obtaining all monies owed under the FLSA and FMWA.

62. A class and collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

63. Absent this litigation, those Plaintiffs seek to represent likely will not obtain any remedy for their injuries, and Defendant will receive improper benefit, even though they have engaged in systematic and egregious violation of the FLSA and FMWA.

64. Furthermore, even in the event that other servers and bartenders sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court and/or a Florida state court.

65. Litigating this matter as a class action promotes judicial economy and efficiency.

66. Questions of law and fact common to those Plaintiffs seek to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

    a. Whether Defendants employed Plaintiffs and the proposed class within the meaning of the FLSA and the FMWA;

    b. Whether Plaintiffs and the proposed class received proper notice related to the tip credit;

    c. Whether Plaintiffs and the proposed class were improperly denied minimum wage compensation;

    d. Whether tips that all proposed class members put into a shared tup

pool were improperly shared with management and/or the company itself;

e. Whether the amounts charged as a 'service charge' qualify as a bona fide service charge under the FLSA and FMWA;

f. Whether the amounts charged as a 'service charge' qualify as a bona fide commission under the FLSA and FMWA; and

g. Whether the violation of the FLSA and the FMWA was willful;

67. Plaintiffs' claims are typical of the claims of those they seek to represent. Plaintiffs and the proposed class were uniformly damaged by Defendant's unlawful policies, which were equally applicable to Plaintiffs and the proposed class.

68. There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a class action.

69. While the amount of damages may vary to some degree between members of the class, the facts establishing liability are common. Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work hours and contributions to the tip pool are known. Therefore, this issue does not affect the ability of this matter to proceed as a class action.

## COUNT I
## RECOVERY OF MINIMUM WAGES

70. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-51 above.

71. Plaintiffs, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with Defendant.

72. Defendant failed to pay Plaintiffs, and those similarly situated, the

applicable minimum wage for each hour worked for Defendant.

73. Defendant failed to provide proper notice of Defendant's intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m).

74. Defendant required its server and bartender employees to share tips as part of an invalid tip pool arrangement, in violation of the FLSA tip credit provision.

75. Because of these policies, Defendant violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiffs, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

76. Defendant had specific knowledge that they were paying sub-minimum wages to Plaintiffs, but still failed to pay Plaintiffs at least minimum wages.

77. Defendant willfully failed to pay Plaintiffs the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

78. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiffs were not paid proper minimum wage for each hour worked because Defendant claimed the maximum tip credit for Plaintiffs and those similarly situated, while requiring them to participate in an unlawful tip pool, and failing to provide proper notice of its intention to take the tip credit.

79. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages, as well as contributions to the unlawful tip pool, for one or more weeks of work with Defendant.

80. As a result of these common policies, Plaintiffs, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and

the hourly wage actually paid to them, in addition to tips paid into the unlawful tip pool.

81. Defendant knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

82. Plaintiffs, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION/FMWA)

83. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-__ above as if fully set forth herein.

84. Plaintiffs and those similarly situated are entitled to be paid minimum wages for each hour worked during employment with Defendant.

85. Plaintiffs and those similarly situated were not paid the proper minimum wage, pursuant to Article X, Section 24 of the Florida Constitution and the FMWA.

86. Defendant willfully failed to pay Plaintiffs and those similarly situated minimum wages for their hours worked during their employment contrary to Article X, Section 24 of the Florida Constitution and the FMWA.

87. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs and those similarly situated have been damaged in the loss of minimum wages for all weeks of work with Defendant.

88. On or about September 4, 2020, Plaintiffs served a letter on Defendant pursuant to Fla. Stat. 448.110, demanding payment for unpaid minimum wages for themselves and those similarly situated. To date, Defendants have failed to make payment in accordance with same. Therefore, while Plaintiffs dispute the constitutionality of the requirement to serve a pre-suit notice, Plaintiffs have satisfied all prerequisites, to the extent there are any, for bringing their claim pursuant to the Florida

Constitution and the FMWA.

89. Plaintiffs and those similarly situated are entitled to an award of damages in an amount equal to their unpaid minimum wages and an equal amount as liquidated damages.

90. Plaintiffs and those similarly situated are entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution and the FMWA.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

91. Plaintiffs reallege and reaver Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

92. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiffs and other bartenders/servers worked hours in excess of forty (40) hours for which Plaintiffs and other bartenders/servers were not compensated at the statutory rate of one and one-half the applicable minimum wage.

93. Plaintiffs and other bartenders/servers were, and are entitled to be paid at the statutory rate of one and one-half the applicable minimum wage for all hours worked in excess of forty (40) hours in a workweek.

94. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and other bartenders/servers at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is due.

95. During the three years preceding the filing of the Complaint in this matter, other bartenders/servers were not paid proper overtime for hours worked in

excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiffs proper overtime wages at one and one-half their regular rate of pay for such hours, pursuant to a policies, plans, and practices which were equally applicable to all bartenders/servers.

96. Defendant has failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

97. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs have suffered and continue to suffer damages and lost compensation for certain hours worked over forty (40) hours in one or more workweeks, plus liquidated damages.

98. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

99. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and one half their lowest lawful regular rate of pay for their overtime hours.

WHEREFORE, Plaintiffs, for themselves and on behalf of those similarly situated, request a judgment entered in their favor and against Defendant for actual and liquidated damages; a declaration that Defendant's conduct violated the FLSA; an order conditionally certifying this action as a collective action, and authorizing Notice to issue to those similarly situated, informing them of their right to join this litigation; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated this 17th day of September, 2020.

>Respectfully submitted,
>
>/s/ANGELI MURTHY
>ANGELI MURTHY, ESQ., B.C.S.
>FL Bar No.: 088758
>MORGAN & MORGAN, P.A.
>8151 Peters Road, Suite 4000
>Plantation, Florida 33324
>Tel: 954-318-0268
>Fax: 954-327-3016
>E-Mail: Amurthy@forthepeople.com
>*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 17th day of September, 2020, which I understand will send notification of same to all counsel of record.

>/s/ ANGELI MURTHY
>ANGELI MURTHY, ESQ., B.C.S.