UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20857-Civ-WILLIAMS/TORRES

ISRAEL ROSELL and ROBERTO GONZALEZ
for themselves and on behalf of those similarly situated,

      Plaintiffs,

v.

VMSB, LLC d/b/a GIANNI'S and d/b/a
CASA CASUARINA, a Florida Limited
Liability Company,

      Defendant.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This matter is before the Court on Israel Rosell's and Robert Gonzalez's (collectively, "Plaintiffs") motion for class certification. [D.E. 102]. VMSB, LLC ("Defendant") responded on April 27, 2021 [D.E. 107] to which Plaintiffs replied on May 3, 2021. [D.E. 108]. Therefore, Plaintiffs' motion for class certification is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiffs' motion for class certification should be **DENIED**.[1]

---

[1] On April 8, 2021, the Honorable Kathleen Williams referred the motion for class certification to the undersigned Magistrate Judge for disposition. [D.E. 104].

1

## I. APPLICABLE PRINCIPLES AND LAW

Class action litigation is allowed under Federal Rule of Civil Procedure Rule 23 ("Rule 23") as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700–701 (1979)). To successfully move for class action certification, a plaintiff must satisfy the requirements of Rule 23(a) and 23(b) by a preponderance of the evidence. *See Bacon v. Stiefel Labs., Inc.,* 275 F.R.D. 681, 689 (S.D. Fla. 2011). Rule 23(a) outlines the four prerequisites to certification: numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). These requirements must be met to effectively limit "the class claims to those fairly encompassed by the named plaintiff's claims." *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982) (quoting *General Telephone Co. of Northwest v. EEOC,* 446 U.S. 318, 330 (1980)).

Class action certification requires plaintiffs to satisfy the explicit and the implicit conditions of Rule 23. *See Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (internal citation omitted). One of these implicit conditions is that the proposed class be "adequately defined and clearly ascertainable." *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir. 2012) (internal citation omitted). When ruling on a motion for class certification, the court has wide discretion to determine whether the plaintiff has met his burden. *See Birmingham Steel Corp. v. Tennessee Valley Auth.,* 353 F.3d 1331,

1335 (11th Cir. 2003). Still, the court must stay within the bounds of Rule 23 and conduct a "rigorous analysis" when deciding whether to affirm the plaintiff's request for class certification. *Wal-Mart Stores, Inc.*, 564 U.S. 338 at 351.

This rigorous analysis requires that the court "probe behind the pleadings before coming to rest on the certification question." *Id.* (internal citation and quotation marks omitted). A class certification is not merely a procedural step on the pleadings. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014); *Wal-Mart Stores, Inc.*, 564 U.S. 338 at 351 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule."). The trial court must consider the merits of the case in order to determine whether the requirements of Rule 23 have been satisfied. *See Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1188 n.15 (11th Cir. 2003).

## II. ANALYSIS

Plaintiffs are a group of current and former employees, seeking relief against Defendant for alleged violations of the minimum wage and overtime requirements provided under the Fair Labor Standards Act and the Florida Minimum Wage Act. The amended complaint includes three counts. Counts one and two seek relief for violations of the minimum wage requirements under state and federal law, and count three requests overtime compensation.

Plaintiffs seek to certify a class action based upon the allegations in count two (i.e. the Florida Constitution and Florida Minimum Wage Act claim) and Fed. R. Civ. P. 23 with the following proposed class definition:

> All "Bartenders and Servers" who worked for Defendant at Gianni's (The Villa Casa Casuarina at the Former Versace Mansion location), 1116 Ocean Dr., Miami Beach, FL 33139, at any time from February 26 2015, to the present, who (1) were not provided notice of the employer's intention to take a tip credit to satisfy minimum wage obligations; and/or (2) were required to participate in a mandatory tip pool in which tips were shared with "Captains" and with the restaurant itself.

[D.E. 102 at 2].

While the Court would ordinarily consider the motion for class certification on the merits, there is no need to do so because the undersigned issued a Report and Recommendation (the "R&R") granting Defendant's motion for summary judgment as to counts one and two on June 22, 2021. [D.E. 140]. If the District Judge adopts the R&R in all respects, the only count left standing will be Plaintiffs' claim for overtime compensation in count three. Yet, given that Plaintiffs do not seek to certify a class as to count three, there is the possibility that the motion here is, for all practical purposes, moot.

If count two remains viable following final disposition of the pending motions for summary judgment, Plaintiffs could seek leave and renew their motion for class certification if good cause supports that relief. For now, we conclude that Plaintiffs' motion for class certification should be **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the motion for class certification be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within

which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 3rd day of August, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge