UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ISRAEL ROSELL and ROBERTO
GONZALEZ, for themselves and on
behalf of those similarly situated,

                                Case No.: 1:20-cv-20857-KMW

       Plaintiffs,

vs.

VMSB, LLC, d/b/a GIANNI'S and d/b/a
CASA CASUARINA, a Florida Limited
Liability Company

       Defendant.
_____/

**UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

**I.**     **INTRODUCTION**

Plaintiffs ISRAEL ROSELL and ROBERTO GONZALEZ ("Named Plaintiffs") without opposition, move the Court for approval of the settlement agreement entered into in this action (the "Agreement" or the "Settlement Agreement") and entry of an order of dismissal with prejudice of Counts III of the Amended Complaint. The Parties do not seek dismissal as to Counts I and II, regarding which Plaintiff's Objections to the Magistrate Judge's Report and Recommendations remain pending. The parties have exchanged voluminous pay and time records, Defendant, Named Plaintiffs and the Opt-In Plaintiffs (collectively, "Plaintiffs") have responded to discovery, briefed summary judgment and prepared for trial, and the Parties have engaged in extensive settlement negotiations, including a day of mediation with an experienced mediator, Neil Flaxman, Esq., which was not successful. Absent resolution of Count III through this settlement, the Parties would have incurred additional risk and expense in preparing for and

conducting a trial in this matter. All Parties are in agreement that the settlement reached, and as to which the Parties move for approval is a fair resolution of the matter, preferable to the risk and expense of trial. As a result, the Parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a reasonable compromise of the claims of the Named Plaintiff and Opt-in Plaintiffs (collectively referred to as "Plaintiffs" in this motion) for the claims asserted, in light of the proof required and Defendant's defenses to Plaintiffs' claims. The Court's approval and entry of an order dismissing Count III with prejudice upon notification of receipt of payment will consummate the Agreement between the Parties. The grounds for this unopposed motion are set forth below.

## II.     FACTUAL BACKGROUND

1.      Plaintiffs filed suit in the Southern District of Florida, Miami Division, on or about January 26, 2020, against VMSB, LLC d/b/a Gianni's, a single-location Miami restaurant. Named Plaintiffs asserted claims under the FLSA for minimum wage and overtime violations and sought wages and liquidated damages, as well as attorneys' fees and costs.

> On May 5, 2020, Named Plaintiffs moved for collective certification as to all servers and bartenders at VMSB, LLC for the preceding three years. On July 7, 2020, the Court granted Plaintiffs' Motion, and notice was sent to approximately one hundred twenty three (123) class members. There are currently twenty six (26) members of the collective, including the named Plaintiffs.[1] In the Complaint and in the course of the litigation, Plaintiffs alleged *inter alia* that they were not paid proper overtime premiums for hours worked over forty in a workweek.

2.      Defendant maintained that it was not required to pay overtime, because the Plaintiffs were exempt commissioned sales employees.

3.      Magistrate Judge Torres issued a report and recommendation as to  Count III,

---

[1] One individual was erroneously included in the class list and opted in, but his consent was subsequently withdrawn, as he was not a server or bartender.

finding issues of fact requiring a trial regarding whether Plaintiffs were owed overtime premiums.

4. Plaintiffs and Defendant dispute whether collective action certification is appropriate.

5. The parties have a *bona fide* dispute under the FLSA as to whether Plaintiffs are owed overtime premiums for hours over forty.

6. The Consent to Become a Party Plaintiff, executed by each of the Opt-In Plaintiffs ("Opt-In Form"), provided that the Opt-In Plaintiff agreed to be bound by any settlement agreement reached in the collective action. It states as follows:

> By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above-representative Plaintiff and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning Plaintiff's attorney fees and costs, and all other matters pertaining to this lawsuit.

7. Through their respective counsel, the Parties engaged in extensive settlement negotiations and Defendant shared voluminous data with Plaintiffs relating to the pay and time records of Plaintiffs and the Opt-in Plaintiffs. Undersigned counsel spent dozens of hours in painstaking review and analysis of this data, and it was due to this extensive and detailed review that the Parties were able to reach the Agreement to resolve the matter as to which they now seek approval.

8. At the conclusion of nearly twenty months of litigation, on the eve of trial, the Parties reached an agreement as to the material terms of the settlement of Count III, as to the overtime claims of Plaintiffs.

9. The terms of the settlement reached between the Parties were memorialized in the Agreement attached hereto as **Exhibit A**. Although Defendant vehemently denies any liability in

this matter, in the interest of resolution, and in light of the uncertainties of litigation, Defendant agreed as part of the settlement to pay each Named Plaintiffs and Opt-In Plaintiff a significant portion of the wages and liquidated damages that each claimed to be owed to him/her.

10. While the Named Plaintiffs have signed the Settlement Agreement, no Opt-In Plaintiffs will be bound by the resolution unless and until he or she cashes or deposits his/her settlement checks, which will be delivered with a Notice (Attached to the Settlement Agreement as **Exhibit B**) fully explaining the calculation of the settlement payment and the release of claims effected by cashing or depositing the settlement payment.

11. Under the Settlement Agreement, the twenty-six collective members will share in a total sum of $129,224.60.

Individual Settlement payments will be calculated according to a formula that guarantees that each Opt-In will receive an amount equal to **the greater** of the following:

(a) 75% of the amount they would have been owed in overtime wages if they had succeeded in proving liability under Count III, and an equal amount as liquidated damages on that amount; or

(b) $400.00.

12. A chart detailing the amounts to be paid to each Named Plaintiff and Opt-In Plaintiff is attached to the Settlement Agreement as **Exhibit A** thereto.

13. Similarly, the Parties negotiated the attorneys' fees to be paid. The amount negotiated to be paid to Plaintiffs' attorneys is $65,775.40. While this represents only a fraction of the fees and costs incurred in the matter, Plaintiffs' counsel limited the amount of fees sought in connection with Count III in order to reach a resolution on terms favorable to Plaintiffs on that claim. Should Plaintiffs prevail on Counts I and/or II of the Amended Complaint, Plaintiffs have

reserved the right to seek the remainder of the attorneys' fees incurred in connection with the action as a whole.

14. Based upon the authorizations and agreements provided in their Opt-In Forms, the Opt-In Plaintiffs have agreed to be bound by any resolution reached in this matter. Thus, once approved by the Court as fair and reasonable, the payments listed in the settlement agreement will be distributed to the collective.

15. Courts have recognized that approval of FLSA settlements is warranted when the settlement is fair and reasonable. Thus, here, the Court may approve the Parties' Settlement Agreement. In this case, there were multiple disputed issues among the Parties, and the settlement negotiated and reached by the Parties nonetheless provides all of those who are releasing their claims with relief that is reasonable in light of the claims raised and proof offered.

16. As such, Plaintiffs now file this unopposed motion requesting the Court to approve the Parties' Agreement and to dismiss this action with prejudice upon notification that payment has been made.

**III. MEMORANDUM OF LAW**

    **A. THIS COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT BECAUSE THE AGREEMENT IS A REASONABLE COMPROMISE OF CLAIMS.**

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, in reaching a settlement, the parties may present the district court with a proposed settlement, and the district court may enter an order approving the fairness of the settlement, and dismissing the case. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the

circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. Thus, when presented with a motion to approve a settlement agreement, the district court must scrutinize the settlement to ensure that it is a fair and reasonable resolution of a bona fide dispute. *See Roldan v. Windhover Ass'n, Inc.,* No. 6:06-cv-1097-0r1-28JGG, 2007 WL 778958, at *3 (M.D. Fla. Mar. 9, 2007) (recognizing that, when determining whether a settlement is fair and reasonable, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Here, the Parties' Settlement Agreement is fair and reasonable because it involves disputed claims, and because it was reached after the Parties exchanged extensive documents and information bearing on the Plaintiffs' claims, after the Parties received legal advice from their counsel who analyzed the legal and factual issues involved in the case, and after the Parties attended a full day of mediation and thereafter conducted full discovery, dispositive motion

briefing, and preparation for trial. The certain relief afforded by this settlement, prior to trial, and without the perils and uncertainties of continued litigation, including whether or not Defendant could prove that Plaintiffs were commissioned sales employees, is in the best interests of all Parties to this matter.

### i. The Parties' Settlement Is Fair and Reasonable Given the Disputed Issues in the Case and the Considerable Expense of Additional Litigation.

Because of the disputed issues involved in proving or refuting the Plaintiffs' claims, as described above, the Parties agreed that there was significant risk, on both sides, in proceeding with litigation. Defendant has agreed to pay an amount that provides each Plaintiff damages that equal at least 75% of their allegedly owed overtime, plus an equal amount in liquidated damages or – put another way – a gross sum equal to 100% of their owed overtime plus half of the available liquidated damages thereupon. This is a reasonable compromise.

When considering whether to approve a settlement under the FLSA, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir.1977); *see also Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007). In other words, a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir.1995), citing *Cotton,* 559 F.2d at 1330.

### ii. The Parties' Settlement Agreement Is the Product of Detailed Analysis and Negotiation, Not Collusion.

After the Parties had an opportunity to review each others' documents, their attorneys began negotiating a resolution of the FLSA claims. These negotiations lasted over the course of over a year, and all the way up until the eve of trial. In this resolution, each Plaintiff will receive an average of nearly $22.00 per overtime hour worked in additional overtime premiums.

By all accounts, the Parties have agreed to a fair and reasonable settlement amount, and, likewise, a fair and reasonable allocation of the settlement amount. Additional litigation is likely to be protracted and expensive. The Plaintiffs have been independently represented and counseled by their attorney, Angeli Murthy of Morgan & Morgan, P.A., who was obligated to and did, in fact, vigorously represent them throughout the litigation and the settlement process. Through their Opt-In Forms, each Opt- In Plaintiff gave full authority to Named Plaintiffs and Morgan & Morgan to settle or resolve the claims in this lawsuit, and to be bound by a collective action settlement of this lawsuit after same is approved by this Court as fair and reasonable. Additionally, each Opt-In Plaintiff will not release his or her claims until affirmatively agreeing to cash or deposit his or her settlement payment after receipt of Notice explaining each collective member's rights under the settlement. Thus, there is no suggestion that the settlement is the product of collusion. Rather, the settlement is based on detailed analysis, negotiation, and legal advice. In light of the uncertainty of success and the considerable expense of further litigation, the Parties' settlement is entirely fair and reasonable and should be approved by this Court.

**B.    PLAINTIFFS' COUNSEL'S FEES ARE REASONABLE.**

The FLSA has a fee-shifting provision which provides that reasonable attorneys' fees and costs should be awarded to a prevailing party. 29 U.S.C. § 216(b). The federal courts have long recognized the importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 183 (11th Cir. 1987) (FLSA's fee recovery provision is not collateral to the merits of an FLSA lawsuit, but rather, is an "integral part of the merits" of the lawsuit). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 4 (1976), 1976 U.S.C.C.A.N. at 5912). It is well established that when a representative party has conferred a substantial benefit upon a

class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

Here, the Parties negotiated the amount of attorneys' fees separately from the amounts to be paid to the Plaintiffs in the Settlement and only after agreeing to the amounts of Plaintiff and each Opt-in Plaintiffs settlement, with Plaintiffs' counsel lowering their fee at the end to ensure that each Plaintiff received the greater of 75% of allegedly owed overtime plus an equal amount in liquidated damages, or $400.00. Defendant does not oppose Plaintiffs' representation that the amount of fees paid to Plaintiffs' counsel under the Parties' Agreement is fair and reasonable. As such, it is appropriate for the Court to approve the Agreement. *See Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222 (M.D. Fla. 2009) (the court can ensure "that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered[,]" and "[i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." As such, " if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel"); *Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL

3858491, at *3-4 (M.D. Fla. Dec. 26, 2006) (The FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling an individual action). Here, there has been a reasonable compromise, and Plaintiff's counsel's fee was finalized after the amount to the collective was established. Moreover, the fees agreed in the settlement agreement represent a fraction of the fees actually incurred in this matter, as undersigned counsel agreed to hold demand for the remainder of the fees in abeyance, to be sought only if Plaintiffs prevail upon Counts I and/or II. This represents good faith negotiation of fees in furtherance of the interests of both the Plaintiffs and of judicial efficiency, and Plaintiffs respectfully submits that this further supports the reasonableness of the fees agreed to in connection with this resolution. Thus, the Court may approve the Agreement without delay.

## IV.     CONCLUSION

WHEREFORE, the Plaintiffs respectfully submit that this Court should approve the Parties' Settlement Agreement, and direct the clerk to dismiss Count III of the Amended Complaint with prejudice upon notification that payment in this matter has been received.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that she conferred with counsel for Defendant regarding the relief requested in this motion, and Defendant does not oppose the relief requested herein.

Dated: September 27, 2021

Respectfully submitted,

**/s/ Angeli Murthy**
Angeli Murthy, Esq., B.C.S.
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268

                                                           Facsimile: (954) 327-3016
                                                           Email: Amurthy@forthepeople.com
                                                           *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 27th day of September, 2021, which I understand will send notification of same to all counsel of record.

                                                          **/s/ Angeli Murthy**
                                                          **Angeli Murthy, Esq.**